IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ELUID ACEVEDO                              §
                                          §
                                          §
V.                                        §                    CASE NO. 5:16-cv-337
                                          §
HARTFORD CASUALTY INSURANCE                §
COMPANY                                    §

## NOTICE OF REMOVAL

Defendant Sentinel Insurance Company, Ltd., incorrectly named as Hartford Casualty Insurance Company ("Sentinel"),[1] through undersigned counsel and pursuant to 28 U.S.C §§ 1441 and 1446, files this Notice of Removal of the action captioned as follows: *Eluid Acevedo v. Hartford Casualty Insurance Company*, Cause No. 2016-CVF-002561 D3 on the docket of the 341st Judicial District Court of Webb County, Texas.  In support of this Notice of Removal, Hartford respectfully shows the following:

1.      Plaintiff Eluid Acevedo ("Plaintiff") commenced the state court action against Hartford on or about October 7, 2016, by filing Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure (the "Petition") in the 341st Judicial District Court of Webb County, Texas. Sentinel was served with the summons and a copy of the complaint on November 9, 2016.  Sentinel has not filed its Original Answer.

---

[1] Hartford Casualty Insurance Company is an improper party to this litigation because it is a stranger to the insurance policy that is the basis of this suit and it had no role in the adjustment of the underlying insurance claims.  Sentinel issued the subject policy and adjusted the underlying insurance claim.

2.      Sentinel has requested a copy of all process, pleadings, and orders from the state court action, but that request has not been filled as of this filing.  Sentinel will supplement this removal with the state court file when it is received.[2]

3.      The Petition avers that Plaintiff is a resident citizen of Webb County, Texas. (Pet. ¶ 1.)

4.      The Petition contains no allegations regarding Sentinel's citizenship.   Plaintiff alleges that "Hartford Casualty Insurance Company [sic] is a company engaged in the business of adjusting insurance claims."  (Pet. at ¶ 4.)  In fact, Sentinel is a Connecticut corporation with its principal place of business located at One Hartford Plaza, Hartford, CT 06155-0001.

5.      The Petition alleges that Plaintiff owns property located at 1405 Jacaman Road, Laredo, Texas 78401(the "Property") that was insured by an insurance policy issued by Sentinel. (Pet. ¶ 5.)

6.      The Petition alleges that "[o]n or around May 26, 2015, the Property suffered incredible damage due to storm related conditions."  (Pet. ¶ 8.)

7.      The Petition alleges that Sentinel failed to adequately indemnify Plaintiff for the entire scope of the damage, among other allegations. (Pet. ¶ 11 and following)

8.      Plaintiff further alleges that he is "seeks "monetary relief over $400,000 but not more than $1,000,000.00." (Pet. ¶ 37) This amount satisfies the minimum jurisdictional requirements of this Court.

9.      This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. § 1446 (b).

---

[2] In the interim, Hartford is including copies of the Original Petition, citation and the return of service from Hartford's own records.

10.     Sentinel denies the underlying facts as alleged by Plaintiff or as summarized in this Notice.  Sentinel expressly denies that it has any liability to Plaintiff.

## DIVERSITY JURISDICTION

11.     This Court has original jurisdiction pursuant to 28 U.S.C § 1332 (a), and this matter is removable to this Court pursuant to 28 U.S.C. § 1441 (a), because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Plaintiff is a citizen of Texas.  Sentinel is a Connecticut corporation with its principal place of business in Connecticut.

12.     The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a).  Plaintiff alleges that he seeks "monetary relief over $400,000 but not more than $1,000,000,000." (Pet. ¶ 19)  Plaintiff alleges that this "damage range includes all actual and consequential damages suffered by Plaintiff, along with attorneys [sic] fees, recoverable costs of court with fees and interest available under the above included causes of action in this matter." (Pet. At ¶ 37)

13.     Plaintiffs in Texas are also not limited to recovery of damages requested in their pleadings. "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints . . . ." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412, n. 10.

14.     No binding stipulation or affidavit was filed with the Petition.

**REMOVAL PROCEDURE**

15.     Sentinel has provided the clerk of the 341st Judicial District Court of Webb County, Texas with notice of this removal.

16.     Pursuant to Local Rule 81, copies of the following documents are provided to the clerk of this Court for filing in connection with this Notice of Removal:

      a.     Index of matters being filed;

      b.     The state-court file, including all executed process, pleadings and exhibits, and state-court orders, which will be supplemented with certified copies as soon as they are available from the state court;

      c.     A list of all parties and their counsel of record.

WHEREFORE, Sentinel hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Martin R. Sadler*_____
Martin R. Sadler
Attorney-in-Charge
Texas Bar No. 00788842
Federal Bar No. 18230
msadler@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
   A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

ATTORNEY-IN-CHARGE
FOR SENTINEL INSURANCE COMPANY, LTD. –
INCORECTLY NAMED AS HARTFORD
CASUALTY INSURANCE COMPANY

OF COUNSEL:

Rebecca A. Moore
Texas Bar No. 24031701
Federal ID No. 31001
rmoore@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above pleading has been forwarded by electronic service on this the 22nd day of November, 2016 to:

Scott G. Hunziker
The Voss Law Firm, P.C.
26619 Interstate 45 South
The Woodlands, Texas 77380

*/s/ Martin R. Sadler*
Martin R. Sadler

5

Filed
10/4/2016 3:18:58 PM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2016CVF002561D3

## CAUSE NO. _____

| | | |
|---|---|---|
| ELUID ACEVEDO, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | WEBB COUNTY, TEXAS |
| | § | |
| HARTFORD CASUALTY INSURANCE | § | |
| COMPANY, | § | |
|     Defendant. | § | \_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Eluid Acevedo (hereinafter "Plaintiff"), and complains of Hartford Casualty Insurance Company (hereinafter "Hartford"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.    Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Laredo, in Webb County, Texas.

## PARTIES

3.      Plaintiff is an individual whose residence is located in Laredo, Webb County, Texas.

4.      Hartford Casualty Insurance Company is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case.  Hartford may be served with Citation and a copy of this Petition, by serving it through its registered agent at its principal address, C T Corporation System, 1999 Bryan Street Suite 900,  Dallas TX 75201-3136 or wherever it may be found.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 1405 Jacamon, Laredo, Texas 78041, (the "Property").  In addition to seeking economic and penalty based damages from Hartford, Plaintiff also seeks compensation from Hartford for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Hartford to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through his residential policy, 65SBANW9754, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around May 26, 2015, the Property suffered incredible damage due to storm related conditions.

---

9.      In the aftermath, Plaintiff relied on Hartford to help begin the rebuilding process. By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.     Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, his residential policy covered Plaintiff during the time period in question.

11.     Despite Plaintiff's efforts, Hartford continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.     Moreover, Hartford has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.     In the months following, Plaintiff provided information to Hartford, as well as provided opportunities for Hartford to inspect the Property.  However, Hartford failed to conduct a fair investigation into the damage to the Property.   Moreover, Hartford failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.     Despite Hartford's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Hartford. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Hartford failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

---

15.     Hartford has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Hartford has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Hartford did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Hartford has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Hartford in a timely manner.

17.     Hartford has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Hartford that failed to conduct a reasonable investigation. Ultimately, Hartford performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Hartford has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Hartford. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.     In addition, Hartford has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the

common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.     All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.     All acts by Hartford were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Hartford and/or were completed in its normal and routine course and scope of employment with Hartford.

## CLAIMS AGAINST DEFENDANT

23.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### BREACH OF CONTRACT

24.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

25.     According to the policy that Plaintiff purchased, Hartford had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

26.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

27.     Despite objective evidence of such damages, Hartford has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the

cost to properly repair Plaintiff's Property, as well as for related losses.   As a result of this breach, Plaintiff has suffered actual and consequential damages.

## B.
## VIOLATIONS OF TEXAS INSURANCE CODE

28.   Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

29.   Hartford's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).   Specifically, Hartford engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

b.   Refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and/or

c.   Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code.

30.   As a result of Hartford's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.   Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas

Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## C.
### BREACH OF THE COMMON-LAW DUTY
### OF GOOD FAITH AND FAIR DEALING

31.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

32.     By its acts, omissions, failures and conduct, Hartford has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

33.     Hartford has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Hartford knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Hartford is a proximate cause of Plaintiff's damages.

### WAIVER AND ESTOPPEL

34.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

35.     Hartford has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

36.   Hartford's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

37.   More specifically, Plaintiff seeks monetary relief of over $400,000 but not more than $1,000,000.  This damage range includes all actual and consequential damages suffered by Plaintiff, along with attorneys fees, recoverable costs of court with fees and interest available under the above included causes of action in this matter.

## JURY DEMAND

38.   Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

39.   Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Hartford disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

40.   Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

   a.   Please produce Hartford complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.    Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

c.    Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.    Please produce the electronic diary, including the electronic and paper notes made by Hartford claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

e.    Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.    Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.    Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.    Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.    Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Hartford intends to offer these items into evidence at trial.

## INTERROGATORIES

41.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

a.    Please identify any person Hartford expects to call to testify at the time of trial.

b.    Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.    If Hartford or Hartford's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Hartford or any of Hartford's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Hartford's investigation.

e.    Please state the following concerning notice of claims and timing of payment:

      i.    The date and manner in which Hartford received notice of the claim;

      ii.    The date and manner in which Hartford acknowledged receipt of the claim;

      iii.    The date and manner in which Hartford commenced investigation of the claim;

      iv.    The date and manner in which Hartford requested from the claimant all items, statements, and forms that Hartford reasonably believed, at the time, would be required from the claimant; and

      v.    The date and manner in which Hartford notified the claimant in writing of the acceptance or rejection of the claim.

f.    Please identify by date, amount and reason, the insurance proceed payments made by Hartford, or on Hartford's behalf, to the Plaintiff.

g.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.    When was the date Hartford anticipated litigation?

i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Hartford's document retention policy.

j.    Does Hartford contend that the insured premises was damaged by storm-related events and/or any excluded peril?    If so, state the general factual basis for this contention.

k.    Does Hartford contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.    Does Hartford contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?  If so, state the general factual basis for this contention.

m.    How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

    i.    what performance measures are used; and
    ii.    describe Hartford's bonus or incentive plan for adjusters.

## CONCLUSION

42.    Plaintiff prays that judgment be entered against Hartford Casualty Insurance Company, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Hartford Casualty Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

*(Signature on Following Page)*

Respectfully submitted,

THE VOSS LAW FIRM, P.C.


/s/  Scott G. Hunziker
Scott G. Hunziker
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
scott@vosslawfirm.com
ATTORNEY FOR PLAINTIFF



Scanned: 10/28/16
Atty: SMH Cal: _____
TimeNet Entry: Y/N
Filing/Action: Petition


Recycled Paper



## HONORABLE BECKIE PALOMO
### State District Court Judge
341st JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439

## CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:   2016CVF002561 D3

STYLE:   ELUID ACEVEDO

VS

HARTFORD CASUALTY INSURANCE COMPANY

NOTICE that this case IS SET FOR CALENDAR CALL on    01/03/2017    ,
at 1:30 PM at the 341st District Courtroom, 3rd Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before JUDGE BECKIE PALOMO.
Your presence is MANDATORY unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf

Counsel for Plaintiff(s): if you do not appear for calendar call, your case may be dismissed for lack of
prosecution.

Counsel for Defendant(s): if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

Magdalena Martinez
Civil Court Coordinator
(956)523-4328

DC:

 **CT Corporation**

**Service of Process Transmittal**
11/09/2016
CT Log Number 530161281

| | |
|---|---|
| **TO:** | Michael Johnson, Legal Assistant<br>The Hartford<br>1 Hartford Plz, HO-1-09<br>Hartford, CT 06155-0001 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Hartford Casualty Insurance Company  (Domestic State: IN) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ELUID ACEVEDO, Pltf. vs. Hartford Casualty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition, Attachment(s) |
| **COURT/AGENCY:** | 341st Judicial District Court, Webb County, TX<br>Case # 2016CVF002561D3 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/09/2016 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or before 10:00 a.m. of the Monday next after the expiration of 20 days after the date of service |
| **ATTORNEY(S) / SENDER(S):** | Scott G. Hunziker<br>THE Voss LAW Firm, P.C.<br>26619 Interstate 45 South<br>The Woodlands, TX 77380<br>713-861-0015 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/10/2016, Expected Purge Date: 11/15/2016<br><br>Image SOP<br><br>Email Notification, Michael Johnson  MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification, Massimo Fraschilla  Massimo.Fraschilla@thehartford.com<br><br>Email Notification, Fiona Rosenberg  Fiona.Rosenberg@thehartford.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / AK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.





DVA CONSULTING SERVICES
106 JACOBS MEADOW DRIVE
CONROE, TX 77384

7016 0600 0000 1884 1644

Hartford Casualty Insurance Company
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201-3136

`RETURN
2016CVF002561 D3

# CITATION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.
IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO
ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION
OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   HARTFORD CASUALTY INSURANCE COMPANY
      BY SERVING IT THROUGH ITS REGISTERED AGENT: C T CORPORATION SYSTEM
      1999 BRYAN STREET STE 900      OR    WHEREVER IT MAY BE FOUND.
      DALLAS,    TX 75201-3136

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY
COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas,
to be held at the said courthouse of said county in the city of Laredo, Webb
County, Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days
after the date of service thereof, a copy of which accompanies this citation,
in the Cause #: 2016CVF002561 D3 , styled:
      **ELUID ACEVEDO, PLAINTIFF**
      **VS.**
      **HARTFORD CASUALTY INSURANCE COMPANY, DEFENDANT**
Said Plaintiff's Petition was filed on 10/04/2016 in said court by:
      **SCOTT G HUNZIKER, ATTORNEY FOR PLAINTIFF**
      **26619 INTERSTATE 45 SOUTH**
      **THE WOODLANDS,    TX 77380**

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued
and given under my hand and seal of said court at office, this 7 day
of October, 2016.

### C   L   E   R   K       O   F       C   O   U   R   T

**CALENDAR CALL COURT DATE:**
**01/03/2017 AT 1:30P.M.**

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____          DEPUTY
    GLORIA G. NORIEGA

2016CVF002561 D3

## OFFICER'S RETURN

Came to hand on the _3rd_ day of _November_ , 2016 at _4:00_ O'CLOCK _P_ .M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK ____.M. on

the _____ day of _____, 2016, by delivering to the within named **HARTFORD CASUALTY INSURANCE COMPANY**, each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB    }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES _____

SERVE
2016CVF002561 D3

# CITATION

THE STATE OF TEXAS

COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  HARTFORD CASUALTY INSURANCE COMPANY
     BY SERVING IT THROUGH ITS REGISTERED AGENT: C T CORPORATION SYSTEM
     1999 BRYAN STREET STE 900     OR    WHEREVER IT MAY BE FOUND.
     DALLAS,   TX 75201-3136

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF002561 D3 , styled:
     ELUID ACEVEDO, PLAINTIFF
     VS.
     HARTFORD CASUALTY INSURANCE COMPANY, DEFENDANT
Said Plaintiff's Petition was filed on 10/04/2016 in said court by:
     SCOTT G HUNZIKER, ATTORNEY FOR PLAINTIFF
     26619 INTERSTATE 45 SOUTH
     THE WOODLANDS,   TX 77380

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 7 day of October, 2016.


          C  L  E  R  K     O  F     C  O  U  R  T


CALENDAR CALL COURT DATE:
01/03/2017 AT 1:30P.M.

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____
    GLORIA G. NORIEGA

DEPUTY

2016CVF002561 D3

## OFFICER'S RETURN

Came to hand on the _3rd_ day of _November_, 2016 at _4:00_ O'CLOCK _P_.M. Executed at _1999 Bryan St._, within the COUNTY of _Dallas_ at _9:44_ O'CLOCK _A_.M. on the _9th_ day of _November_, 2016, by delivering to the within _by mail_ named **HARTFORD CASUALTY INSURANCE COMPANY,** each, ~~in person~~, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation $ _05_.

To certify which, witness my hand officially.

~~SHERIFF, CONSTABLE~~ _Montgomery_ COUNTY, TEXAS

BY _Daniel Voss_ ~~DEPUTY~~

THE STATE OF TEXAS }
COUNTY OF WEBB }

Before me, the undersigned authority, on this day personally appeared _Daniel Voss_, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _Hartford Casualty Ins Co._ on the _9th_ day of _November_, _2016_.

SWORN TO AND SUBSCRIBED BEFORE ME on the _9th_ day of _November_, _2016_, to certify which witness my hand and seal of office.

KATRINA MARIE HACKNEY
Notary Public, State of Texas
Comm. Expires 11-03-2020
Notary ID 126078233

_Katrina M Hackney_
NOTARY PUBLIC
MY COMMISSION EXPIRES _11.03.2020_



# USPS Tracking®

**Still Have Questions?**
**Browse our FAQs ›**



**Get Easy Tracking Updates ›**
Sign up for My USPS.

**Tracking Number:** 70160600000018841644

## Product & Tracking Information

### Available Actions

Postal Product:

**Features:**
Certified Mail™

**Text Updates**

**Email Updates**

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **November 9, 2016 , 9:44 am** | **Delivered** | DALLAS, TX 75201 |

Your item was delivered at 9:44 am on November 9, 2016 in DALLAS, TX 75201.

| | | |
|---|---|---|
| November 9, 2016 , 8:26 am | Notice Left (No Authorized Recipient Available) | DALLAS, TX 75201 |
| November 9, 2016 , 12:21 am | Departed USPS Facility | DALLAS, TX 75260 |
| November 8, 2016 , 2:50 pm | Arrived at USPS Facility * | DALLAS, TX 75260 |
| November 7, 2016 , 9:28 pm | Arrived at USPS Facility | NORTH HOUSTON, TX 77315 |

## Track Another Package

**Tracking (or receipt) number**

[                                        ]          **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



**HELPFUL LINKS**
Contact Us
Site Index
FAQs

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

**LEGAL INFORMATION**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hartford Casualty Insurance Company
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201-3136

9590 9402 1922 6104 8991 11

2. Article Number *(Transfer from service label)*

7016 0600 0000 1884 1644

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____    ☐ Agent
                      ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
Chris Wells                       NOV 09 2016

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature                          ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery       ☐ Registered Mail™
☑ Certified Mail®                           ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery        ☐ Return Receipt for Merchandise
☐ Collect on Delivery                       ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery   ☐ Signature Confirmation Restricted Delivery
☐ Mail Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



USPS TRACKING #

9590 9402 1922 6104 8991 11



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**DVA CONSULTING SERVICES
106 JACOBS MEADOW DRIVE
CONROE, TX 77384**